NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL GREEN, Derivatively on Behalf of ENDOLOGIX, INC., <br><br>Plaintiff, <br><br>v. <br><br>JOHN MCDERMOTT, VASEEM MAHBOOB, DANIEL LEMAITRE, LESLIE NORWALK, GUIDO J. NEELS, CHRISTOPHER G. CHAVEZ, GREGORY D. WALLER, THOMAS C. WILDER, III, and THOMAS F. ZENTY, III, <br><br>Defendants, <br><br>-and- <br><br>ENDOLOGIX, INC., a Delaware corporation, <br><br>Nominal Defendant. | Case No.: 8:17-cv-01155-AB (PLAx) <br><br>[~~PROPOSED~~] ORDER CONSOLIDATING RELATED DERIVATIVE ACTIONS, APPOINTING LEAD COUNSEL, AND TEMPORARILY DEFERRING THE LITIGATION |

*[Caption continues on next page.]*

---

ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD COUNSEL, AND TEMPORARILY DEFERRING THE LITIGATION; Case No.: 8:17-cv-01155-AB (PLAx)

| | | |
|---|---|---|
| 1 | NICK COCCO, Derivatively on Behalf of ENDOLOGIX, INC., | Case No.: 8:17-cv-01183-AB (PLAx) |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | JOHN MCDERMOTT, VASEEM MAHBOOB, DANIEL LEMAITRE, LESLIE NORWALK, GUIDO J. NEELS, CHRISTOPHER G. CHAVEZ, GREGORY D. WALLER, THOMAS C. WILDER, III, and THOMAS F. ZENTY, III, | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | Defendants, | |
| 10 | -and- | |
| 11 | ENDOLOGIX, INC., a Delaware corporation, | |
| 12 | Nominal Defendant. | |

Upon consideration of the Stipulation Consolidating Related Actions, Appointing Lead Counsel, and Temporarily Deferring the Litigation (the "Stipulation"), and good cause appearing therefor, it is hereby ORDERED:

1. The following actions (the "Federal Derivative Actions") are hereby **CONSOLIDATED** for all purposes, including pre-trial proceedings, trial, and appeal, into one action, the Consolidated Derivative Action:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Green v. McDermott, et al.* | 8:17-cv-01155-AB (PLAx) | July 6, 2017 |
| *Cocco v. McDermott, et al.* | 8:17-cv-01183-AB (PLAx) | July 12, 2017 |

2. Every pleading filed in the Consolidated Derivative Action, or in any action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE ENDOLOGIX, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No.: 8:17-cv-01155-AB (PLAx) |
| | (Consolidated with: 8:17-cv-01183-AB (PLAx)) |
| This Document Relates To: | (Derivative Action) |
| ALL ACTIONS. | Judge Andre Birotté Jr. |

3. The files of the Consolidated Derivative Action will be maintained in one file under Lead Case No.: 8:17-cv-01155-AB (PLAx).

4. In light of the consolidation, Case No. 8:17-cv-01183-AB (PLAx) is hereby **CLOSED**.

5. Defendants have acknowledged service of the summonses and complaints in the Federal Derivative Actions, and accepted service thereof. Aside from the defenses and objections related to the absence of a summons or of service, Defendants expressly reserve all defenses and objections to the complaints filed in the Federal Derivative Actions, as well as any subsequent

1

ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD COUNSEL, AND TEMPORARILY DEFERRING THE LITIGATION; Case No.: 8:17-cv-01155-AB (PLAx)

complaints filed in the Consolidated Derivative Action, including, but not limited to, defenses based on lack of personal jurisdiction and improper venue.

6. Defendants need not answer, move, or otherwise respond to the complaints currently filed in either of the Federal Derivative Actions.

7. Johnson & Weaver, LLP shall serve as Lead Counsel in the Consolidated Derivative Action for Plaintiffs, and any other related derivative actions that are subsequently filed in, removed to, or transferred to this Court.

8. Plaintiffs' Lead Counsel shall have sole authority to speak for all plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Plaintiffs' Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs, and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiff except through Plaintiffs' Lead Counsel.

10. Defendants' counsel may rely upon all agreements made with Plaintiffs' Lead Counsel, or other duly authorized representatives of Plaintiffs' Lead Counsel, and such agreements will be binding on Plaintiffs.

11. This Order shall apply to each purported derivative action arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

12. When a case that properly belongs as part of *In Re Endologix, Inc. Shareholder Derivative Litigation*, Lead Case No.: 8:17-cv-01155-AB (PLAx), is hereafter filed in this Court or transferred here from another court, Plaintiffs' Lead Counsel shall promptly call to the attention of the Clerk of the Court the

filing or transfer of any case that might properly be consolidated as part of *In Re Endologix, Inc. Shareholder Derivative Litigation*.

13. Subject to ¶¶ 13-21 below, all proceedings in the Consolidated Derivative Action shall be temporarily deferred (hereinafter referred to as the "Temporary Deferral of Proceedings") until the earlier of the following events: (a) *Nguyen v. Endologix, Inc., et al.*, Case No. 2:17-cv-00017-AB (PLAx) (C.D. Cal.) (the "Securities Class Action") is dismissed in its entirety with prejudice; or (b) defendants file an answer to any complaint in the Securities Class Action. At any time during the Temporary Deferral of Proceedings, any party may file a motion with this Court, upon thirty (30) days' notice to the other side, to discontinue or otherwise modify any Order related to the Temporary Deferral of Proceedings. Each party reserves the right to oppose such a motion and/or make an application to this Court to continue the Temporary Deferral of Proceedings, and the deferral will remain in effect until this Court rules otherwise.

14. Notwithstanding the Temporary Deferral of Proceedings, Plaintiffs shall be permitted to file a consolidated complaint, as well as any subsequent amended complaints, during the pendency of the deferral. Without waiving any defenses or objections, Defendants shall be under no obligation to answer, move, or otherwise respond to any such complaints while the Consolidated Derivative Action is deferred.

15. Should discovery proceed in the Securities Class Action, in *Sindlinger v. McDermott, et al.*, Case No.: BC662280 (Cal. Super. Ct. Los Angeles Cnty.) (the "State Derivative Action"), or in any other subsequent derivative action based on substantially the same factual allegations underlying the Consolidated Derivative Action ("Related Derivative Action"), and/or in connection with any threatened Related Derivative Action, Plaintiffs will promptly be given copies of any written discovery responses and deposition transcripts prepared and/or produced by any Defendant, Endologix, and/or any

3

ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD COUNSEL, AND TEMPORARILY DEFERRING THE LITIGATION; Case No.: 8:17-cv-01155-AB (PLAx)

non-party, pursuant to a mutually agreed upon protective order governing the use of confidential information, provided that, in the event that the Consolidated Derivative Action is no longer deferred, the provision of any such discovery materials will not constitute waiver of, or in any way limit, Defendants' right to move to dismiss the Consolidated Derivative Action for failure to adequately plead demand futility, or make a pre-suit demand. Notwithstanding the foregoing, Plaintiffs reserve their rights to seek any such discovery materials in the Consolidated Derivative Action.

16. Plaintiffs acknowledge that their right to receive written discovery responses, deposition transcripts, and any other information described above is contingent upon their agreement to be bound by any confidentiality agreement or order governing the materials produced in the Securities Class Action or the State Derivative Action, with the express understanding that Plaintiffs shall be entitled to use any such materials produced to them pursuant to this stipulation in the Consolidated Derivative Action. If Plaintiffs cannot become a party to any confidentiality agreement or order entered in the Securities Class Action or the Related Derivative Action, they agree that they will enter into a separate agreement with Endologix acknowledging their agreement to be bound by the terms of the confidentiality agreement or order entered in the Securities Class Action or the State Derivative Action, with the express understanding that Plaintiffs shall be entitled to use any such materials produced to them pursuant to this stipulation in the Consolidated Derivative Action, and further agree that their acknowledgement agreement may be enforceable in the Consolidated Derivative Action.

17. Should any other party file another complaint in a Related Derivative Action, Defendants shall, within thirty (30) days of service of any Defendants of that complaint, enter an agreement with that party, or file a motion,

to temporarily defer the litigation of that Related Derivative Action pending resolution of the Securities Class Action, as set forth above.

18. Plaintiffs will promptly be advised of, and be permitted to participate in, any mediation proceedings and in any formal settlement talks in the Securities Class Action, in the State Derivative Action, in any Related Derivative Action, and in any threatened Related Derivative Action.

19. The parties shall notify each other of any Related Derivative Actions or threatened Related Derivative Actions of which they become aware.

20. The parties are **ORDERED** to file a Status Report every 90 days during the Temporary Deferral of Proceedings. The face page of each Status Report must indicate when the next one it due. The first such report must be filed **within 90 days of the issuance of this Order**.

21. If and when the Temporary Deferral of Proceedings is discontinued, the parties shall meet and confer and submit a proposed scheduling order governing further proceedings, including the date by which Defendants must answer or otherwise plead, and the date and time for a case management conference.

**IT IS SO ORDERED.**

Dated: September 7, 2017

Hon. André Birotte, Jr.
United States District Judge